940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Edward E. LANDAW, Jr., Defendant-Appellant.
 No. 90-1555.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Aug. 14, 1991.
Rehearing Denied Sept. 6, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Edward E. Landaw, Jr. was convicted of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1), and sentenced to 33 months imprisonment, to be followed by three years of supervised release. Landaw now appeals his conviction, and we affirm.
 
 
 2
 Landaw first contends that the affidavit supporting the search warrant for his house failed to establish probable cause because it did not state that particularized contraband items were located in the house. "Probable cause is established whenever there is a reasonable probability of finding the desired items in a particular location." United States v. Pritchard, 745 F.2d 1112, 1120 (7th Cir.1984) (quoting United States v. Rambis, 686 F.2d 620, 622 (7th Cir.1982)). The Supreme Court, in Illinois v. Gates, 462 U.S. 213 (1983), adopted a "totality of the circumstances" approach that emphasizes the practical, nontechnical nature of the probable cause determination. Under this approach, a judge "need not determine that the evidence sought is in fact on the premises to be searched ... or that the evidence is more likely than not to be found where the search takes place.... [H]e need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Malin, 908 F.2d 163, 166 (7th Cir.), cert. denied, 111 S.Ct. 534 (1990) (quoting United States v. Peacock, 761 F.2d 1313, 1315 (9th Cir.), cert. denied, 474 U.S. 847 (1985)) (emphasis in original).
 
 
 3
 The affidavit submitted in application for the warrant stated that during the last two weeks in October 1988, an undercover police officer purchased cocaine from people in a residence at 713 North Francis Street in South Bend, Indiana; that on two occasions the officer was told that the people were out of cocaine, but that a person named Tim was going to get some more; that on each of these occasions police officers observed Timothy Somers leaving 713 North Francis Street and going to Landaw's house; that on the first occasion, Somers returned to 713 North Francis Street; and that on the second occasion, the police stopped Somers en route from Landaw's house and found him in possession of four ounces of cocaine. The affidavit further stated that the police gathered intelligence that Landaw was a cocaine dealer who had two prior drug convictions and was currently on parole for distribution of narcotics. The information contained in the affidavit established a connection between Landaw and cocaine dealing and raised the inference that Landaw was selling cocaine from his home. On the basis of this information, the judge could reasonably make the practical determination that cocaine and other evidence of drug trafficking would be found at Landaw's home. We therefore conclude that the district court did not clearly err in denying the motion to quash or suppress the search warrant. See United States v. Henry, 933 F.2d 553, 556-57 (7th Cir.1991).
 
 
 4
 Landaw next contends that the affidavit supporting the search warrant for his house omitted the fact that on the two occasions observed by police, Timothy Somers made intermediate stops at a 7-11 store and a liquor store before arriving at Landaw's home, and that this omission was material to the finding of probable cause. In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that a search warrant can be voided if a movant establishes that: (1) a factual statement made in an affidavit supporting a warrant is false; (2) the affiant made the false statement either knowingly and intentionally or with reckless disregard for the truth; and (3) without the false statement, the remainder of the affidavit is insufficient to establish probable cause. Id. at 155-56. The Franks analysis applies to claims of material omissions of fact from affidavits. United States v. Williams, 737 F.2d 594, 604 (7th Cir.1984), cert. denied, 470 U.S. 1003 (1985). A factual omission is material only if it amounts to a deliberate falsehood or a reckless disregard for the truth. United States v. McNeese, 901 F.2d 585, 594 (7th Cir.1990). An omission is not material if the information is of such minimal significance that it could not reasonably affect the judge's determination of probable cause. Id.
 
 
 5
 The information set forth in the affidavit showed that Landaw was dealing in cocaine and that his home was the source of the cocaine in Somers' possession. Based upon this information, the failure to include Somers' stops at the 7-11 and the liquor store was immaterial to the finding of probable cause because even if the stops had been disclosed, the warrant would still have been issued. We therefore conclude that the district court did not clearly err in its finding that the omission of the stops was of no consequence to the determination of probable cause. See United States v. Pace, 898 F.2d 1218, 1226 (7th Cir.), cert. denied, 110 S.Ct. 3286 (1990).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record